IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GEORGE MELVIN CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-971-GAF |
| ) | |
| VETERANS AFFAIRS REGIONAL ) | |
| OFFICE, GENERAL COUNSEL, ) | |
| ST. LOUIS, MO, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS**
(*With Supporting Suggestions Incorporated*)

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants move the Court to dismiss all claims in the Complaint because: (1) the Court lacks subject-matter jurisdiction over Plaintiff's claims; and (2) the Complaint fails to state a claim upon which relief may be granted in favor of Plaintiff because it does not contain allegations which, taken as true, would support this Court's subject-matter jurisdiction over the case.

The remaining named defendants are: (a) two regional offices of the Department of Veterans Affairs, Office of General Counsel, (b) VA Office of General Counsel attorney Doug Bradshaw, (c) former Attorney General Eric Holder, (d) former Assistant Attorney General Frank Hunger, and (e) former Assistant Attorney General Stuart Delery. The Court lacks subject-matter jurisdiction over the claims against each defendant.

## I. Legal standard

### A. Motion to dismiss standard

"Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss an action based on lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)." *Radford v. United States*, 178 F. Supp.3d 784, 788 (E.D. Mo. 2016). "Where the federal government seeks dismissal for lack of subject matter jurisdiction, the burden of showing both a waiver of sovereign immunity and a grant of jurisdiction falls on the plaintiffs." *Radford*, 178 F. Supp.3d at 788 (citing *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000)).

"The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity.' *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001)." *Id.* "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* However, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id*.

### B. Sovereign Immunity and *Bivens*

The United States, as a sovereign, is immune from suit unless it waives its immunity and consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). "[S]overeign immunity is jurisdictional in nature; absent waiver, sovereign immunity shields [the] Federal Government and its agencies from suit[.]" *Roth v. United States*, 476 F. App'x 95 (8th Cir. 2012) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *see also United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The "limitations and conditions upon which the government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981). The government's waiver of sovereign immunity must be "unequivocally expressed" and "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192 (1996). *See also Bacon v. United States*, 661 F. Supp. 8, 10 (E.D. Mo. 1986), aff'd, 810 F.2d 827 (8th Cir. 1987).

Broadly construed, Plaintiff's cause of action is based upon *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Court implied a cause of action for damages for violations of the Fourth Amendment in certain suits against federal employees. *Id.* at 397. However, "*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of

3

action only against federal officials." *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982).

"A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id.* at 1203 (citation omitted). In order to state a cause of action for damages under a *Bivens* claim, "the plaintiff must ferret out the officials directly responsible for the alleged constitutional violation." *Laswell*, 683 F.2d at 268. "[A] *Bivens* claim does not permit relief against a government employee in an official capacity." *Hill v. Holinka*, Civ. No. 06–4720 (PJS/JJG), 2008 WL 549928, at *2 (D. Minn. Feb. 27, 2008). "[A] suit against [a federal employee] in his official capacity is treated as a suit against the [federal agency]." *Id. See*, *e.g.*, *Dumas v. Faulkner*, No. 4:15-CV-00389-SRB, 2015 WL 13692123, at *2 (W.D. Mo. Oct. 27, 2015).

Additionally, a plaintiff who wishes to sue a federal employee in his or her personal capacity must so specify in the complaint. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) (citing *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)). If a complaint is silent about the capacity in which the plaintiff is suing the defendant, the complaint includes only official-capacity claims. *Id.* (citation omitted).

4

## II. Argument

### A. Sovereign immunity bars all claims against the Department of Veterans Affairs, the Department of Defense, or the Department of Justice

The Complaint asserts claims against two regional offices of the Department of Veterans Affairs, Office of General Counsel. Complaint, ECF No. 1 at 2–3. The Court lacks subject-matter jurisdiction over all such claims, as well as any other claim the Complaint could be read to assert against a federal agency. Sovereign immunity protects a federal agency from claims of alleged constitutional violations. Accordingly, with respect to Plaintiff's constitutional claims under the Fourth, Fifth, and Fourteenth Amendments, "a *Bivens* action cannot be prosecuted against the United States and its agencies . . . ." *Buford*, 160 F.3d at 1203.

Sovereign immunity also bars Plaintiff's claims under 38 U.S.C. § 1153. That statute provides:

> A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease.

38 U.S.C. § 1153. This provision relates to the "comprehensive system of benefits"[1] afforded to military members for service-related injuries. The statute does not waive the federal government's sovereign immunity. Any waiver of sovereign immunity must be

---

[1] *United States v. Johnson*, 481 U.S. 681, 690 (1987); *see also Feres v. United States*, 340 U.S. 135 (1950) (holding that the Federal Tort Claims Act does not provide a remedy for any injury arising out of or during the course of an activity incident to military service).

5

"unequivocally expressed" and "strictly construed, in terms of its scope, in favor of the sovereign." *Lane,* 518 U.S. 192. This military benefits provision does not waive sovereign immunity. *Cf. Cannon v. United States*, 69 F.3d 541, 1995 WL 634113, at *1 (8th Cir. 1995) (table) (holding that Military Claims Act, 10 U.S.C. § 2731–37, precluded judicial review of the military's denial of Plaintiff's claim).

Moreover, the Complaint should be dismissed because Plaintiff has failed to allege when and how the federal government waived its sovereign immunity over Plaintiff's claims.

### B. Sovereign immunity bars all claims against defendants Bradshaw, Holder, Hunger, or Delery

The Complaint also asserts claims against various officials of the Department of Veterans Affairs and the Department of Justice. Sovereign immunity bars all such claims. The Complaint does not specify what capacity each individual is sued in, and, thus, includes only official-capacity claims. *Egerdahl*, 72 F.3d at 619. These official capacity claims are really claims against the Department of Veterans Affairs and Department of Justice. As described above in Part A, sovereign immunity bars all such claims. Additionally, by effectively naming only federal agencies in this action, Plaintiff has not stated a claim upon which relief may be granted.

Furthermore, the Complaint contains no facts explaining how any of the individually-identified defendants violated Plaintiff's constitutional rights or any provision of the military benefits statutes. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff

6

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's threadbare and conclusory allegations of violations and damage do not suffice; to state a claim, Plaintiff must allege facts describing the actions each defendant took that entitle Plaintiff to relief. *Id.* at 678.

In addition, as described below, even if Plaintiff stated a claim, the Complaint and facts embraced by the Complaint demonstrate that the claims are barred by the statute of limitations. "The statute of limitations for a *Bivens* action is determined by the analogous time-bar for a personal injury action in the state where the incident forming the basis of the claim occurred . . . ." § 3655Actions Against Federal Agencies and Officers, 14 Fed. Prac. & Proc. Juris. § 3655 (4th ed.). Here, Plaintiff alleges conduct spanning over three decades, which far exceeds the applicable statute of limitations: § 516.140, RSMo, two years for an action for libel, slander, or injurious falsehood or § 516.130, RSMo, three years for an action against a public officer for taking or failing to take an official action. In no event does the statute of limitations permit Plaintiff to assert the claims he raises in this suit.

### C. Absolute or qualified immunity bars the constitutional claims against defendants Bradshaw, Holder, Hunger, and Delery

The Complaint contains no facts suggesting any of the individual defendants—all senior-level government officials—took actions that would waive their official immunity. *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982) (holding absolute immunity applies for officials whose special functions or constitutional status require complete protection from suit; including officials exercising legislative, judicial, or adjudicative functions). If

7

absolute immunity does not apply to defendants, qualified immunity does. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow*, 457 U.S. at 818).

Courts use a two pronged test to determine if a government official is entitled to qualified immunity. *See Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998). *See*, *e.g.*, *Jackson v. Nursing Supervisor Riebold*, No. 13-3344-CV-S-MDH-P, 2014 WL 11316452, at *4 (W.D. Mo. June 3, 2014), aff'd sub nom. *Jackson v. Riebold*, 815 F.3d 1114 (8th Cir. 2016). The first prong of this test asks whether the plaintiff has alleged a deprivation of a constitutional right. *Id.* The second prong of this test asks whether that constitutional right "was so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act." *Id.*

As stated above, Plaintiff fails to allege a violation of a constitutional right. Furthermore, even if Plaintiff sufficiently had alleged a violation of a constitutional right, the constitutional right was not so clearly established that a reasonable public official would have known his or her conduct violated the Constitution at the time of the act. Plaintiffs' constitutional claims are cut from whole cloth. Plaintiff brings a Fourth Amendment claim, but alleges no search or seizure. Plaintiff brings a Fifth Amendment claim, but alleges no action taken by any individual defendant treating Plaintiff differently from similarly situated individuals based on Plaintiff's race. Plaintiff brings a Fourteenth Amendment claim, but the Fourteenth Amendment applies to the states, not

8

the federal government. Nothing Plaintiff complains of suggests that any particular defendant violated a clearly established constitutional right.

### D. Even broadly construing the Complaint to state a tort claim, the Court lacks subject matter jurisdiction over such a claim

In passing, the Complaint references defamation, Complaint at 7, and, therefore, defendants address why the Court lacks jurisdiction over such claims sounding in tort. The Federal Tort Claims Act (FTCA) acts as a limited waiver of sovereign immunity with respect to some tort claims against the United States. *Smith v. United States*, 507 U.S. 197, 199 (1993). One well-settled aspect of FTCA jurisprudence is the requirement that a claimant timely file a written administrative tort claim with the federal agency employing the person(s) whose act or omission caused the alleged injury. 28 U.S.C. §§ 1346(b), 2401(b), 2675(a). A plaintiff's failure to file a timely administrative claim mandates dismissal of an FTCA lawsuit. *See*, *e.g.*, *Motley v. United States*, 295 F.3d 820, 822–23 (8th Cir. 2002). Here, Plaintiff asserts that he sent a Form 95 administrative tort claim to a former congressperson Karen McCarthy, who left Congress in 2005,[2] and that Former Rep. McCarthy sent the Form 95 to Former Assistant Attorney General for the Civil Division Frank Hunger, who left the Department of Justice in 1999.[3] The Complaint, which alleges first injury beginning in 1986, Complaint at 6, is clearly barred by the applicable two-year statute of limitations for FTCA claims. 28 U.S.C. §2401(b). Perhaps tellingly, Plaintiff has already litigated a FTCA claim in

---

[2] https://www.congress.gov/member/karen-mccarthy/M000316.
[3] https://www.justice.gov/civil/former-assistant-attorneys-general.

9

federal court, and the Eighth Circuit affirmed the district court's decision to dismiss his claims for lack of jurisdiction. *Cannon v. United States*, 69 F.3d 541 (8th Cir. 1995) ("The District Court correctly concluded that it had no jurisdiction under either the FTCA or the MCA, because Cannon's claims arose out of or were incident to his military service. *See* 10 U.S.C. § 2733(b)(3) (1994) (excepting from MCA coverage injuries to military personnel which occurred incident to military service); *Feres v. United States Army*, 340 U.S. 135, 146 (1950) (holding FTCA provided no basis for jurisdiction where injuries allegedly caused by negligent military surgeons arose out of or were in course of activity incident to military service)"). These same jurisdictional bars apply to the injuries Plaintiff alludes to. *See* Complaint at 6.

Moreover, if the Complaint is read to assert tort claims, such claims are impermissible intentional tort claims. *See* 28 U.S.C. § 2680 (h). Absent circumstances not present here, the FTCA does not waive sovereign immunity for intentional tortious conduct such as defamation, libel, slander, retaliation, or "willfully minimizing" a disease (Complaint at 6).

In addition, the Court lacks jurisdiction over FTCA claims against defendants. Inasmuch as Plaintiffs allege a state law tort claim against USPS, Plaintiffs claim must be brought, if at all, under the FTCA. *Peak v. Small Business Admin.*, 660 F.2d 375, 377 (8th Cir. 1981) ("the FTCA is the exclusive remedy if the suit is against a federal agency and the suit sounds in tort"). The only properly named defendant in an FTCA action is "the United States of America." *Artis v. Petrovsky*, 638 F. Supp. 51, 53 (W.D. Mo. 1986) ("When a claim is brought pursuant to the FTCA, the United States rather than the

agency or its employees must be named as defendant."). All claims in the Complaint should be dismissed.

WHEREFORE defendants respectfully move the Court to dismiss all claims in the Complaint for want of subject matter jurisdiction and failure to state a claim upon which relief may be granted, and for other relief against plaintiff that the Court deems just and proper.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By: **/s/ Alan T. Simpson**
Alan T. Simpson, MO Bar No. 65183
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
Email: alan.simpson@usdoj.gov
ATTORNEY FOR DEFENDANTS

**Certificate of Service**

I hereby certify that on this 12th day of August, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and was placed in the United States mail, first class, postage prepaid, and addressed to the following non-participant in the CM/ECF system: George Melvin Cannon, 13116 Park Hills Drive Grandview, MO 64030.

**/s/ Alan T. Simpson**
Alan T. Simpson
Assistant United States Attorney