IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISOURI

GEORGE MELVIN CANNON,

Plaintiff,   Case No. :4:18-CV-00971-GAF

Vs

ROBERT A MCDONALD, SECRETARY OF VETERANS AFFAIRS, ET AL.

Defendant(s)

## MOTION FOR RECONSIDERATION

### (With Supporting Suggestions Incorported)

Plaintiff strongly rejects any suggestions of Bivens in this case by any party or court. Plaintiff believes this court has Territorial Jurisdiction, which is the clear power of the court to render a judgment concerning events that occurred within a well-defined territory. Defendants in this territory have concealed inculpatory evidence in two formal reviews. Unconstitutional acts deserve reconsideration by court. This case is only based on the United States Constitution and the Bill of Rights. Plaintiff filed Notice of grievance under Redress, Injury and Conspiracy, Plaintiff requested Advocate- court stated not necessary, Plaintiff strongly believe claim is legally actionable. Plaintiff strongly believes the district court to be the body of law for redress of private wrongs in the federal courts of Missouri. Plaintiff believes this court has the power to dismiss the original action in 1994, retry the case, or order change judgment, under, Interest of Justice". Plaintiff request court review facts sent to Former Secretary of Veterans Affairs, Robert A. McDonald, July 10th, 2015, Defendant Bradshaw received this information and blocked review. On February 7th, 2017, Congressman Cleaver's office received correspondence from Federal Bureau of Investigations, this a part of discovery request for complete copy of report, cover sheet attached.

(Attached) This clearly shows this matter continues and deserves reconsideration by court.

Plaintiff Missouri citizen with suffering tangible injuries ongoing by St. Louis, Mo. Veterans Affairs Regional, (defendants) with intentional infliction of severe physical pain and suffering three decades by control. We must deterrent future misconduct, holding individuals who perpetrate wrongdoing accountable. Discovery will demonstrate rigorous attempts settle this matter out of court. Congress intended the particular statutory provision of 38 U.S.C. 1153 to benefit plaintiff

Stage-4 is the most advanced and severe stage of osteoarthritis, requires arthroplasty procedure, plaintiff deprived this procedure since 1993, by St. Louis, Mo., Veteran Affairs, Regional ( Defendant). Veterans Choice for medical procedures denied since 2014.

38 CFR. Section 14.602(a) was instrument used under the color of law to deprive plaintiff of rights.

Plaintiff's initial discovery list and interrogatory questions will clearly prove case.

Plaintiff aggrieved by family separated from children and grandchildren, all reside in Arizona and California, plaintiff basically homeless, church family providing sleeping area and postal address, only decision by court will clearly end this knowingly and willfully torture of honorable citizen of Missouri. Plaintiff clearly deprived of life, liberty or property by government employees ongoing

Court has ordered Mediation, all parties are in case and Rule 16 has been ordered,

Plaintiff believes this case can be settled in 24 hours by parties in the interest of fair justice.

### Constitutionality, Deprivation Actions

The United States Constitution, The Bill of Rights and the Reconstruction Civil Rights Act, particularly Section 1993 and the Administrative Procedure Act. 42 United States Code, Chapter 21, subchapter I, (1981 to 1996b) gives the absolute authority to Jurisdiction and subject matter

jurisdiction in this case to the federal district court. The Administrative Procedure Act has vindicated similar rights by correcting federal agency action or by forcing specific federal agency action. Plaintiff meets the elements of claim in (Cort v. Ash), (Maine v. Thiboutot) and (Wilder v. Virginia Hospital Association).

In Maine v. Thiboutot, Supreme Court held for the first time that Section 1983 could be used to remedy the deprivation of rights created by a federal statute.

The second, scope of the Constitution, to "secure the blessings of liberty, which were to be enjoyed by not the first generation, but for all who came after our posterity

> The First Amendment guarantees an individual's right to petition the government for redress of grievances. Plaintiff was aggrieved by unconstitutional conduct by Defendant Brad Shaw and Department of Veterans Affairs Regional, St. Louis, Mo. by knowingly and willfully trespass of privacy under color of law. 38 CFR. Section 14.602(a) was used under the color of law to deprive plaintiff of rights. (5 U.S.C. Chapter 7, Part 702 Right of Review-Entitlement) Where there is indication that a tort claim will be filed, medical records or other information shall not be released without approval of the Regional Counsel. Special relationship of Defendant Brad Shaw, V. A. General Counsel, Oakland, Ca. and V. A. General Counsel, St. Louis, Mo., all defendants are government attorneys for Department of Veterans Affairs.

Section 1983, Jurisdiction

The two jurisdiction statutes that apply to litigation in federal court are clearly **42 U.S. Code 1983** and 28 U. S. Code. 1343 (a) (3) Court has authority to decide any civil action bylaw

28 U. S. C. 1343 (a) (3) (1993)

(a) The district courts shall have original jurisdiction of any civil action authorized bylaw to be commenced by any person

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing equal rights of citizens or of all persons within the jurisdiction of the United States.

Plaintiff strongly believes section 1983 Jurisdiction and Territorial Jurisdiction

The Fifth Amendment prohibits government from taking private property for public use without just compensation, the basis of eminent domain in the United States, clearly abuse of power by defendants

### FOURTEENTH AMENDMENT

Plaintiff's Due Process and Equal Protection violated by Missouri, U. S. Attorney, Deputy U. S. Attorney and Assistant U. S. Attorney

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, but upon probable cause, supported by oath or affirmation, the persons or thing to be seized. (In-Part)

Only the court has the authority to decide Fourth Amendment violations bylaw

Sovereign Immunity

Veterans Affairs Regional, St. Louis Mo. Officials (Defendants) perpetrate constitution torts, they do so ultra vires and lose the shield of sovereign immunity. Williamson v. U. S.

Department of Agriculture, 815 F.2d.369, ACLU Foundation v. Barr,952 F.2d.457,293 U. S. App.DC101, (CA DC 1991).

Defendants claim immunity to avoid liability of government under Concealment Sovereign Immunity must be denied based on the clearly established statutory rights. Relevant medical evidence was oppressed 20 years by Department of Veterans Affairs, Regional Office, St. Louis, Mo., clearly Territorial Jurisdiction

<u>Circumstances and Relationships (a)</u>

Defendant Doug Bradshaw and uncharged Department of Defense Tort Claims officer decided to violate plaintiff's Fourth Amendment Rights by Privacy Act violation under **5 United States Code. Sec. 552a**, on or about 20 December 1993.Defendants Hunger and Holder relationship began 13 December 1993. The special relationship that each defendant had, gives the clear **Duty to Disclose** any prior service information pertaining to early diagnosed Osteoarthritis. This relationship should be clear to any reasonable person. Defendant Bradshaw, Culpable Intent by concealment and actions under 38 U. S. Code, CFR. 14.602(a). This conduct violation of "Due Process" to reasonable person

<u>**Duty to Disclose**</u>

Under contract law, a plaintiff can recover from a defendant on the grounds of fraudulent concealment where the defendant (1) concealed or suppressed a material fact; (2) had knowledge of this material fact (6) Plaintiff suffered damage as a result of concealment. Duty to disclose arises from the special relationship of Department of Defense Tort officer and each Defendant. The duty to disclose requires, at minimum, some form of relationship between the parties. Mackintosh, 109 Nev. At 634-35, 855 P.2d. at 553. Mo. U.S. Attorney, Deputy U. S. Attorney and Assistant U. S. Attorney violated Due Process.

<u>Circumstances and Relationships (b)</u>

Former Attorney General, Janet Reno was written 13 December 1993( 28 U.S.C. 519) Supervisor of Litigation) Deputy Attorney General was Defendant Eric Holder, Civil, Assistant Attorney General, Defendant Frank W. Hunger. Defendants Holder(28 U.S.C. 519), Delery and Former A.G. Lynch ( 28 U.S.C. 519), Former Deputy A. G. Rosenstein, (Present Date) A.G. William Burr( 28 U.S.C. 519) and U.S. Attorney Garrison. This clearly establishes a relationship to any reasonable person. Defendant Hunger responded 24 February 1994, that the Department of Justice would represent the government in a court challenge. 12 March 1996, Defendant Hunger culpable by willful blindness under 18 U. S, Code 1028. This defendant acknowledged the statement by plaintiff That osteoarthritis was intentionally withheld by Department of Veterans Affairs in 1985.Under Knowingly and Willfully prohibition of 18 U. S. C. 1001, Defendant Hunger, Reckless disregard of weather concealment is true, or a conscious effort to avoid learning the truth. United States v. Evans, 559.F.2d 244,246 (5th Cir.1977)

Defendant Holder Hunger culpable by willful blindness under 18 U. S, Code 1028. Written certified mail, 5 November 1997, Fraudulent concealment of material evidence pertaining preexisting Osteoarthritis was reported to Duty Attorney General Holder. Defendant Holder, under Knowingly and Willfully prohibition of 18 U. S. C. 1001, Reckless disregard of weather Veterans Affairs, Department of Defense and Department of Justice violated the law by

Obstruction of justice or a conscious effort to avoid learning the truth. United States v. Evans, 559.F.2d 244,246 (5th Cir.1977)

### Judicial Relief

Plaintiff seeks relief under Fourth Amendment civil penalties for 20 years

Plaintiff seeks relief under Invasion of Privacy Act, 5 U.S.C. 552 (2) Section 1983 provides relief for invasions of rights protected under federal law

Plaintiff seeks judicial reversal under " Recklessness and Unconstitutional Acts, recovery in Cannon v. United States, 69 F.3d 541, 1995, Plaintiff and District court clearly mislead by government, government was culpable actors and plaintiff has unconstitutional injury, clear violation of Fourteenth Amendment, courts have granted recovery and corrections for unconstitutional acts

- 
- Circumstances and Relationships (C)

All defendants and staff by direct or in-direct conspiracy acted unconstitutional and have special relations. Fonda v. Gray,1983(CA9) CAL 707 F .2d.435, (Mentioned in 42 U.S.C. 1985)

Federal employees become personally liable for constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom Under which constitutional practices occur or gross negligence in managing subordinates who cause violations. (Gallegos v. Haggerty, Northern District of New York, 689 F.2d.Supp.93)

5 CFR 534.405 Performance Awards, Received by All Defendants, clearly private gains

5 CFR 2635.101-Basic obligation of public service (a), (b) , (11), (13)

(a) Public service is a public trust. Each employee has responsibility to the United States and its citizens to place loyalty to the Constitution, laws and ethical principles above private gain. To ensure that every citizen can have complete confidence in the integrity of the Federal Government, each employee shall respect and adhere to the principles of ethical conduct set forth in this section, as well as the implementing standards contained in this part and in supplemental agency regulations.
(b) (11) Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities. (13) Employees shall adhere to all laws and regulations that provide equal opportunity for all Americans regardless of race, color, religion, sex, national origin, age,

or handicap. Defendants Bradshaw and Holder both violated public service for private gain, all other defendants violated public trust by failures in (b) (11) and 13). Plaintiff strongly believes that discovery will determine if other defendants had private gain.

The American Disability Act prohibits discrimination to qualified disabled U. S. Citizens and provides equal opportunity to disabled citizens under 42 U. S. Code. Part., 12212. Plaintiff was diagnosed with osteoarthritis knees by Department of Veterans Affairs with Tangible injuries by aggravation to stage-four in 1988 and that are ongoing, clearly reviewable by the federal district court. Plaintiff suffering 30 years from Stage- four Osteoarthritis and Unconstitutional Acts. Plaintiff believes this, Torture under 42 U. S. C. 2000dd by control.

Plaintiff ask court to reconsider dismissal, based on subject matter territorial jurisdiction, aggrievement, recklessness, unconstitutional acts, duty to disclose, preponderance of circumstances and relationships of defendants. Plaintiff is Missouri Qualified Handicap and believe these facts have clearly been over-looked by the court and defense in this case. Plaintiff has concerns under the availability of fair justice when defense uses weight to influence court, this case has no likeness to Bivens. Settlement should be in Interest of Justice to a reasonable person.

9

## Certificate of Service

I hereby certify that on this 9th day of October, 2019, a true and correct copy was placed in the United States mail and addressed to: Alan T. Simpson, Assistant United States Attorney, U. S. Department of Justice, Western District of Missouri, Charles Evans Whittaker Courthouse, 400 E. 9th Street, Room 5510, Kansas City, Missouri 64106

George Melvin Cannon, Plaintiff

5TH DISTRICT, MISSOURI

FINANCIAL SERVICES COMMITTEE
HOUSING AND INSURANCE SUBCOMMITTEE
OVERSIGHT AND INVESTIGATIONS SUBCOMMITTEE

TWITTER.COM/REPCLEAVER

FACEBOOK.COM/EMANUELCLEAVER II

HTTP://WWW.HOUSE.GOV/CLEAVER

WASHINGTON, D.C. OFFICE:
2335 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-4535 (PHONE)
(202) 225-4403 (FAX)

KANSAS CITY OFFICE:
101 WEST 31ST STREET
KANSAS CITY, MO 64108
(816) 842-4545 (PHONE)
(816) 471-5215 (FAX)

INDEPENDENCE OFFICE:
211 WEST MAPLE AVENUE
INDEPENDENCE, MO 64050
(816) 833-4545 (PHONE)
(816) 833-2991 (FAX)



# Congress of the United States
## House of Representatives
### Emanuel Cleaver, II

July 10, 2015

United States Department of Veterans Affairs
Secretary of Veterans Affairs
Robert A. McDonald
810 Vermont Avenue, NW
Washington, D.C. 20420

Dear Secretary McDonald:

My office is writing to you on behalf of a veteran who has attempted for several years to substantiate his disability claims to the Veterans Administration. Attached please find a privacy waiver and letter addressed to you from my constituent, George M. Cannon, Sr. Since 1993, he has been disputing the negative outcome of his VA case regarding the issue of degenerative joint disease. He believes this decision was a direct result of the unavailable medical records from the VA and United States Army. Mr. Cannon strongly believes that the information in his veteran's records from 1979 to 1987 would have substantiated his case.

As I understand the facts, in August 1993, the VA Regional Office granted service connection disability for Mr. Cannon's left knee at 10% for his condition. On June 29, 1994, the court dismissed a case he filed, Cannon vs the United States of America (Case # 94-033-CV-W-6). It was a tort claim for his left knee injury pertaining to the aggravated degenerative joint disease.

On November 10, 2004, Mr. Cannon had a hearing with the Board of Veterans Appeals in Washington, DC to reconsider his appeal. This was another hearing for the same injury. The case went back to 1994 and awarded percentages to his degenerative joint disease on both his left and right knee. He is presently rated at 80% disabled.

Mr. Cannon's main contention is that vital evidence was missing from his medical records from the time he reenlisted in January 1988. These records showed he had preexisting bi-lateral degenerative joint disease diagnosed from the Kansas City VA Medical Center. His argument is that this would have proven his claim of preexisting degenerative joint disease back to the period where he reenlisted in 1988. During his second reenlistment, he underwent five knee operations.

PRINTED ON RECYCLED PAPER

He has made numerous attempts to plead his case with both the United States Army and the Veterans Affairs Administration. In addition, he even made attempts to contact the United States Department of Justice for redress. Mr. Cannon was instructed that this matter resides with the Department of Veterans Affairs and the Department of Defense. Please see the attached letter from the Inspector General from the Department of Defense and the Department of Justice.

For almost two decades, Mr. Cannon has worked with my office and the former US Representative to resolve this matter. He is requesting a new hearing regarding the negative damage of not including the missing portion of his medical history when his claims were being reviewed. From 1993 until 2004, Mr. Cannon requested his complete VA medical records for every year. In 2013, he satisfactorily received all of his records and maintains that he was unjustly at a disadvantage when his disability claims were being evaluated by not having the complete records available at the time of the decision. I respectfully request your assistance with his appeal and urge your consideration in this matter. Please do not hesitate to contact me if I can be of any further assistance.

Warmest regards,

Emanuel Cleaver, II
Member of Congress

Enclosures

EC:nc

EMANUEL CLEAVER, II
FIFTH DISTRICT, MISSOURI

FINANCIAL SERVICES COMMITTEE
HOUSING AND INSURANCE SUBCOMMITTEE
RANKING MEMBER

OVERSIGHT AND INVESTIGATIONS SUBCOMMITTEE

http://WWW.HOUSE.GOV/CLEAVER

TWITTER.COM/REPCLEAVER

FACEBOOK.COM/EMANUELCLEAVER II



# Congress of the United States
## House of Representatives

February 7, 2017

George Cannon
PO Box 563
Grandview, MO 64030-0563

Dear Mr. Cannon:

In response to my inquiry on your behalf, I have received the enclosed correspondence from the Federal Bureau of Investigation. Please review the response and contact me or Manuel Abarca in my District Office at (816) 842-4545 if you have any questions or concerns.

I hope you will find the response to be helpful. If I can be of further assistance in this or any other federal matter, please do not hesitate to contact me.

Warmest regards,

Emanuel Cleaver, II
Member of Congress

EC:ma

Enclosure