**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE MELVIN CANNON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-00971-CV-W-GAF** |
| | ) | |
| **ROBERT A. MCDONALD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Now before the Court is *pro se* Plaintiff George Melvin Cannon's ("Plaintiff") Motion for Reconsideration of the Court's October 1, 2019 Order granting Defendants Veterans Affairs Regional Office (General Counsel, St. Louis, MO), Veterans Affairs Regional Office (General counsel, Oakland, CA), Dough Bradshaw, Frank W. Hunger, Eric Holder, and Stuart F. Delery's (collectively "Defendants") Motion to Dismiss.  (Doc. # 46).  Because of his *pro se* status, the Court will also take up Plaintiff's Amended Motion for Reconsideration (Doc. # 47) and Plaintiff's Notice of Filing Additions for Reconsideration (Doc. #48).  For ease of comprehension, the Court will refer to Plaintiff's pending Motions collectively as "Motions for Reconsideration." (Docs. ## 46-48).  Defendants oppose. (Doc. # 49).  For the following reasons, Plaintiff's Motions for Reconsideration are DENIED.

**DISCUSSION**

**I.      BACKGROUND**

On December 11, 2018, Plaintiff filed his Complaint against Defendants.  (Doc. #1). Plaintiff claimed Defendants, working in their official capacity as federal agents of the United States government, deprived him of Constitutional protections under the Fourth, Fifth, and

Fourteenth Amendments and violated 38 U.S.C. §1153. (*Id.* at p. 4). Plaintiff further alleged Defendants infringed on his rights by making benefit determinations based on race and sending "False Statements . . . to Congressional Representatives, The Judge Advocate General and three Inspector General Offices, for years." (*Id.* at pp. 6-7). On August 12, 2019, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. # 28). The Court issued an Order on October 1, 2019, granting Defendants' Motion to Dismiss on the basis that the Court lacked jurisdiction to hear the alleged constitutional infringements raised by Plaintiff due to sovereign immunity pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391, (1971). (Doc. # 43, pp. 4-7). The Court also dismissed additional alleged claims raised by Plaintiff for failure to state a claim and accrual of the statute of limitations. (*Id.* at pp. 7-10). Plaintiff's Motions for Reconsideration followed.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits an aggrieved party to file a motion to alter or amend a judgment. Although the language of the rule is broad, it is well-settled that "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Williams v. Decker*, 767 F.3d 734, 741 n.2 (8th Cir. 2014) (quotation omitted).

Similarly, under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from an order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." The moving party must show

"'exceptional circumstances' warranting 'extraordinary relief.'" *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). "'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'" *Id.* (quoting *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986)). Nor is it "a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

## III.  ANALYSIS

Plaintiff has failed to show a manifest error of law or fact or exceptional circumstances warranting extraordinary relief. Though difficult to discern, it appears the crux of Plaintiff's argument is that he believes the Court incorrectly assessed some of his claims as *Bivens* claims. (Doc. # 46, p. 1; Doc. # 47 p. 1). Instead, Plaintiff opines that "[t]his case is only based on the United States Constitution and the Bill of Rights." *Id.* In support of these arguments, Plaintiff attaches multiple documents nearly identical to pleadings previously filed with the Court. (*Compare* Doc. # 46, pp. 2-12; Doc. # 47, pp. 3-9 *with* Doc. # 39, pp. 2-9; Doc. # 33, pp. 2-7). As Plaintiff is merely rehashing arguments made in earlier briefings, reconsideration is not warranted. And, even if it were, a second reading of Plaintiffs factual allegations leads the Court to the same conclusion that the allegations *were* properly assessed as *Bivens*-style claims because Plaintiff is seeking monetary damages for perceived constitutional infringements committed by government officials acting in their official capacities and the Department of Veteran's Affairs.

The Court noted in the Order that the United States and its agencies enjoy sovereign immunity from such suits, as do federal employees sued in their official capacities, unless such immunity is expressly waived by the sovereign. (Doc. # 43, p. 4). Plaintiff has presented no evidence in his Motions for Reconsideration showing an intent on the part of the United States to

waive its immunity.  Further, even if Plaintiff had stated actionable claims under *Bivens*, they would be barred by the applicable limitations period.  *Bivens* actions are "governed by the statute of limitations for personal injury actions in the state in which the claim accrues." *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995).  Missouri has a five-year statute for personal injury claims.  *Sulik v. Taney Cty.*, Mo., 393 F.3d 765, 767 (8th Cir. 2005).  Accrual begins not "'when the wrong is done or the technical breach of . . . duty occurs, but when the damage resulting therefrom is sustained and capable of ascertainment . . .'" *Buttice v. G.D. Searle & Co.*, 938 F. Supp. 561, 566 (E.D. Mo. 1996) (quoting Mo. Rev. Stat. § 516.100).  "The phrase 'capable of ascertainment' is construed to mean 'the moment that Plaintiff's damages are substantially complete.'" *Id.* (quoting *Locket v. Owens-Corning Fiberglas*, 808 S.W.2d 902, 907 (Mo. Ct. App. 1991)).

A careful reading of Plaintiff's Motions for Reconsideration reveal that Plaintiff's alleged harms began in 1993 when he began requesting medical records relating to his diagnosis of osteoporosis so that he could qualify for government benefits.  (Doc. # 46, pp. 2, 5, 10-11; Doc. # 47, pp. 2, 5-6, 11-12, 15-16).  Plaintiff attaches various letters documenting his efforts to communicate his concerns to multiple federal offices, presumably in an attempt to show that his harms are still ongoing.  (Doc. #46, pp. 10-12; Doc. # 47, pp. 10-17; Doc. # 48, pp. 2-15).  The Court need not consider any of this "new evidence" since all of it was known to Plaintiff prior to entry of judgment.  However, giving the *pro se* plaintiff wide leniency, the Court notes that the content of the letters supplied by Plaintiff show the statute of limitations had run on any alleged *Bivens* claims by the time Plaintiff filed his Complaint.  In a letter written to United States Department of Veteran's Affairs ("VA") by congressional representative Emanuel Cleaver II on behalf of Plaintiff, Mr. Cleaver states, "From 1993 until 2004, Mr. Cannon requested his complete

4

VA medical records for every year. In 2013, he satisfactorily received all of his records and maintains that he was unjustly at a disadvantage when his disability claims were being evaluated by not having the complete records available at the time of the decision." (Doc. # 46, p. 11; Doc. # 47, p. 16). This letter reveals that Plaintiff was denied benefits at some point prior to receiving his medical records in 2013 and that the alleged harm was therefore capable of ascertainment more than five years prior to the filing of the lawsuit on December 11, 2018.

<u>**CONCLUSION**</u>

Plaintiff offers no new evidence unknown to him prior to the entry of judgment to overcome the jurisdictional and pleading deficiencies outlined in the Court's October 1, 2019 Order. Instead, he uses his various Motions for Reconsideration to relitigate issues previously decided by the Court. For these reasons and the reasons stated above, Plaintiff's Motions for Reconsideration are DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 4, 2019